**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1303
_____

UNITED STATES OF AMERICA

v.

JOSHUA HALL,
                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No.1:23-cr-00114-001)
District Judge: Honorable Christopher C. Conner
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 9, 2024
_____

Before: BIBAS, CHUNG, and ROTH, Circuit Judges

(Filed: January 17, 2025)
_____

OPINION[1]
_____

CHUNG, Circuit Judge.

Joshua Hall appeals the District Court's imposition of a special condition,

---

[1] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

computer monitoring, on Hall's two-year term of supervised release. Hall argues that the computer monitoring condition infringes upon his First and Fourth Amendment rights because it chills his speech and invades his privacy interests. Hall therefore requests that we vacate the computer monitoring condition. We conclude that the District Court's imposition of the condition was not plain error and will affirm.

I.  BACKGROUND[2]

Between September 2019 and December 2020, Hall used a crowdfunding website and several fake social media accounts to raise funds that he claimed would go towards supporting President Trump's reelection campaign. In reality, Hall appropriated the money for his own use. Hall was indicted due to this conduct. While on pretrial release, Hall abused alcohol repeatedly and, on one occasion, called the office of a sitting United States Congressman and threatened to kill him. As a result, Hall was charged in a superseding indictment with transmitting an interstate communication containing a threat to injure another person. On December 21, 2022, after having previously pleaded guilty to both counts, Hall was sentenced for both offenses to twenty months' imprisonment and three years' supervised release.

Hall's term of supervised release began on October 6, 2023, and throughout the fall of 2023, Hall cycled in and out of alcohol rehabilitation facilities, often leaving each facility after only a few days. These untimely departures were contrary to a condition of his supervised release that he participate in an inpatient substance abuse treatment

---

[2] Because we write for the parties, we recite only facts pertinent to our decision.

program.

Hall was also subject to another condition that he disclose all of his online accounts to his probation officer. On January 9, 2024, Hall announced that he was running for Congress via an undisclosed X (formerly Twitter) account. Hall also used this account to issue another threat to the same United States Congressman. Hall's probation officer petitioned the District Court to issue an arrest warrant for Hall's violation of the conditions of his supervised release. Hall was arrested, highly intoxicated, shortly thereafter.

The District Court held a supervised release revocation hearing on February 5, 2024. At that hearing, the District Court noted that Hall had violated the condition requiring that he report all online accounts to his probation officer when he failed to disclose his X account. App. 51. Because of this violation, and Hall's refusal to accept treatment at an alcohol rehabilitation facility, the District Court revoked Hall's supervised release. The District Court said its "main concern" in sentencing was "community protection and deterrence," App. 54, and Hall was sentenced to 10 months' imprisonment followed by a two-year term of supervised release. The District Court imposed several conditions on Hall's term of supervised release, including a special condition that required the installation of computer monitoring software and unannounced searches of his computers. App. 55. Hall did not object to this condition at his revocation hearing.

Hall timely brought this appeal, arguing that the computer monitoring condition violates the First and Fourth Amendments. For the reasons discussed below, we find that the computer monitoring condition is constitutional, and we therefore affirm the District

3

Court's order in full.

II.     DISCUSSION[3]

A district judge may impose a special condition on a term of supervised release after considering factors set forth in 18 U.S.C. § 3583(d).  Special conditions that restrict the defendant's First or Fourth Amendment rights "will be upheld if (1) they are directly related to deterring [the] defendant and protecting the public and (2) are narrowly tailored."  United States v. Santos Diaz, 66 F.4th 435, 448 (3d Cir. 2023).  A condition is not "narrowly tailored" if it restricts a constitutional freedom "without any resulting benefit to public safety."  United States v. Holena, 906 F.3d 288, 294 (3d Cir. 2018).

Regardless of the type of condition imposed, "[w]e insist on some evidence that the special conditions imposed are tangibly related to the goals of supervised release.  To justify special conditions, district courts must find supporting facts.  We may affirm if we can ascertain any viable basis in the record for the restriction."  Holena, 906 F.3d at 290–91 (internal citations omitted); see also United States v. Voelker, 489 F.3d 139, 144 (3d Cir. 2007) ("Conditions of supervised release must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history

---

[3]     The District Court had subject-matter jurisdiction under 18 U.S.C. § 3583(e).  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Hall did not object to the conditions of his supervised release, so we review for plain error.  See Fed. R. Crim. P. 52(b); United States v. Thielemann, 575 F.3d 265, 270 (3d Cir. 2009).  To satisfy the plain-error standard, Hall must establish that (1) the District Court erred; (2) the error was clear or obvious under the law at the time of review; and (3) the error affected substantial rights, that is, the error affected the outcome of the proceedings.  Johnson v. United States, 520 U.S. 461, 467 (1997).  If all three elements are established, we may, but need not, exercise our discretion to award relief.  Id.

of the defendant, the need for general deterrence, or similar concerns.").

Hall argues that the District Court plainly erred in imposing the computer monitoring condition because the condition unconstitutionally infringes upon his First and Fourth Amendment rights. We disagree.

A.  Hall's First Amendment Argument

The computer monitoring condition was imposed for the purposes of deterring Hall from making more threats to injure others, protecting the public from those threats, and rehabilitating Hall. App. 54; see Holena, 906 F.3d at 295. ("[R]estrictions must be tailored to deterring crime, protecting the public, or rehabilitating the defendant."). Hall's personal computer has been integral to the majority of Hall's charged conduct—from making a fraudulent online fundraising account, to impersonating others via fake social media accounts, to making threats against a Congressman on X. Moreover, the computer monitoring condition was not imposed reflexively upon Hall's release. Rather, it was imposed only after Hall misled his probation officer about the existence of his X account, demonstrating a need to obtain more reliable information about Hall's social media use. Finally, the computer monitoring condition lasts only as long as the term of Hall's supervised release and therefore extends no longer than necessary to address the purposes of imposing supervised release on Hall in the first place. See 18 U.S.C. § 3583(d)(1); U.S.S.G. § 5D1.2, comment. (n.4). On plain error review, we will affirm. There is a "viable basis in the record" to support the District Court's imposition of the condition, Holena, 906 F.3d at 290–91 (3d Cir. 2018), and condition is "tangibly related

5

to the goals of supervised release." See Holena, 906 F.3d at 290.[4]  We perceive no "clear or obvious error under the law," Johnson, 520 U.S. at 467, in the District Court's tailoring of the condition to address Hall's failure to comply with a previous condition of release and the District Court's concern for community protection and deterrence.  Santos Diaz, 66 F.4th at 448.

      B.      Hall's Fourth Amendment Argument

Next, Hall argues that the District Court plainly erred in imposing the search portion of the computer monitoring condition because it infringes his privacy interests under the Fourth Amendment.  Again, we disagree.

"Defendants on supervised release enjoy less freedom than those who have finished serving their sentences," Holena, 906 F.3d at 295, so Hall has a reduced privacy

---

[4] Hall relies on various cases to support his argument that the computer monitoring condition "has a chilling effect on his ability to express political views," and thus violates his First Amendment rights.  The District Court did not plainly err by failing to sua sponte consider these cases, especially when considering that those cases are readily distinguishable from Hall's. Compare App. 55 (special condition imposing no restriction on Hall's access to the internet, social media posting, or run for Congress); with Cooksey v. Futrell, 721 F.3d 226, 236 (4th Cir. 2013) (internal quotation marks omitted) (agency threatened to remove Appellant's website unless he complied with certain guidelines, provided a "red-pen mark-up of his website," and threatened to continuously monitor his website to ensure compliance); Mangual v. Rotger-Sabat, 317 F.3d 45, 57–58 (1st Cir. 2003) (finding that the Appellant had First Amendment standing where he alleged that he "faced ... a real threat of prosecution" because of his investigative reporting and where Appellant could not "limit his exposure other than [by] curtail[ing] his investigative and journalistic activities").  Hall's references to Packingham v. North Carolina, 582 U.S. 98 (2017)—where the Supreme Court found that a law prohibiting registered sex offenders from *ever* accessing certain websites violated the First Amendment—are equally unpersuasive.  See United States v. Browder, 866 F.3d 504, 511 n.26 (2d Cir. 2017) (noting that Packingham was not on point as "[i]t involved an internet *ban*—not internet or computer *monitoring*—and that ban extended beyond the completion of a sentence.").

interest in his computers while he is on supervised release. See United States v. Sczubelek, 402 F.3d 175, 187 (3d Cir. 2005); see also United States v. Balon 384 F.3d 38, 44 (2d Cir. 2004) Indeed, nearly two decades ago, the Supreme Court held that because individuals on supervised release have a significantly diminished expectation of privacy, the Fourth Amendment does *not* categorically prohibit the suspicionless search of those individuals. See Samson v. California, 547 U.S. 843, 849, 857 (2006).[5]

Taking into account Hall's reduced privacy interest in his computers, we must consider whether the computer monitoring condition imposes a "greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(2); Holena, 906 F.3d at 291 ("A defendant's conduct should inform the tailoring of his condition[]."). While the monitoring condition contains no limitations on when the probation officer may search Hall's computers, the searches are limited in purpose to "determin[e] whether the computer contains any prohibited data prior to installation of the monitoring software, to determine whether the monitoring software is functioning effectively after installation, and to determine whether there have been attempts to circumvent the monitoring software after installation" and apply only for the length of Hall's supervised release. This condition is clearly geared towards ensuring the proper functioning of the means (the software) for deterring further violations and addressing Hall's lack of candor with his

---

[5]     Hall argues that probation and supervised release should be treated differently and that therefore Samson does not apply here, but Hall cites to no caselaw to support this conclusion, and several Courts of Appeal have applied Samson in the context of federal supervised release. See, e.g., United States v. Rusnak, 981 F.3d 697, 712 (9th Cir. 2020); United States v. Winding, 817 F.3d 910, 916 (5th Cir. 2016) ("Supervised release is akin to parole.").

probation officer.  We again perceive no "clear or obvious error under the law," Johnson, 520 U.S. at 467, in the District Court's tailoring of the condition given that it is "directly related to deterring [the] defendant and protecting the public."  Santos Diaz, 66 F.4th at 448.  This is especially so in light of the ample "viable bas[e]s in the record for the restriction" such as Hall's violation of the terms of his initial supervised release by misusing his personal computer and failing to accurately report his activities on that computer.  Holena, 906 F.3d at 290–91 (3d Cir. 2018).  Considering the above, the District Court did not commit plain error in imposing the computer monitoring condition.

III.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's order, imposing the computer monitoring condition on Hall's term of supervised release.